**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| S. BLAKE MURCHISON,<br><br>     Plaintiff,<br><br>     v.<br><br>GMAC LLC, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>) **No. 1:09-cv-00169-SLR**<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GMAC
DIRECTORS' MOTION TO DISMISS THE AMENDED COMPLAINT**

              MORRIS, NICHOLS, ARSHT & TUNNEL, LLP

              Kenneth J. Nachbar (#2067)
              knachbar@mnat.com
              1201 North Market Street, 18th Floor
              P.O. Box 1347
              Wilmington, DE 19899
              (350) 658-9200
              *Attorneys for Defendants T.K. Duggan, Douglas
              A. Hirsch, Robert W. Scully, Lenard B. Tesler,
              Mark A. Neporent, Frank W. Bruno, Seth P.
              Plattus, Ray G. Young, Frederick A. Henderson,
              Mark R. LaNeve and Walter G. Borst*

OF COUNSEL:

Jonathan Rosenberg
Abby F. Rudzin
Asher L. Rivner
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Murchison's Failure To Establish The Court's Personal Jurisdiction Over The GMAC Directors Mandates Dismissal. ............................................................... 2

    II.   The Amended Complaint Fails To State A Claim Against The GMAC Directors. ...................................................................................................................... 3

CONCLUSION .............................................................................................................................. 6

## **TABLE OF AUTHORITIES**

                    **Page**

**CASES**

*Bano v. Union Carbide Corp.*,
    273 F.3d 120 (2d Cir. 2001) ................................................................. 6

*Bano v. Union Carbide Corp.*,
    2000 U.S. Dist. LEXIS 12326 (S.D.N.Y. Aug. 28, 2000) ................... 6

*C.R. Bard Inc. v. Guidant Corp.*,
    997 F. Supp. 556 (D. Del. 1998) .......................................................... 2

*Int'l Assoc. of Heat & Frost Insulators and Asbestos Workers Local*
    *Union 42 v. Absolute Entl. Serv., Inc.*,
    814 F. Supp. 392 (D. Del. 1993) .......................................................... 5

*Parker v. Learn The Skills Corp.*,
    530 F. Supp. 2d 661 (D. Del. 2008) ..................................................... 2

*Phila. Storage Battery Co. v. Radio Corp.*,
    194 A. 414 (Del. Ch. 1937) ................................................................. 4

*Shearin v. The E.F. Hutton Group, Inc.*,
    652 A.2d 578 (Del. Ch. 1994) ............................................................. 4

*T.V. Spano Building Corp. v. Department of Natural Resources & Environmental*
    *Control*,
    628 A.2d 53 (Del. 1993) ................................................................... 5-6

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984) .................................................................. 2

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
    201 F. Supp. 2d 294 (D. Del. 2002) ................................................. 2-3

*Wallace v. Wood*,
    752 A.2d 1175 (Del. Ch. 1999) ........................................................ 3-5

*Young v. W. Coast Indus. Relations Assoc.*,
    763 F. Supp. 64 (D. Del. 1991) ........................................................ 4-6

**OTHER AUTHORITIES**

WILLIAM M. FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE
    CORPORATIONS § 1158.10 (perm. ed., rev. vol. 2002) ....................... 4

# **PRELIMINARY STATEMENT**[1]

The GMAC directors demonstrated in their opening memorandum that Murchison's claims against them should be dismissed for lack of personal jurisdiction and for failure to state a claim. The Opposition does nothing to rebut the GMAC directors' showing.

First, Murchison fails to respond at all to the GMAC directors' motion to dismiss for lack of personal jurisdiction. Once a defendant raises a jurisdictional challenge, the plaintiff must respond with facts establishing the Court's personal jurisdiction over the defendant. Thus, Murchison's failure to address the GMAC directors' showing that this court lacks personal jurisdiction over them requires dismissal without further analysis.

Second, Murchison's claims fail on the merits as well. In addition to the arguments made in GMAC's reply memorandum, which the GMAC directors incorporate by reference, the claims against the GMAC directors must be dismissed for the following reasons:

- Murchison concedes that the amended complaint does not assert breach-of-contract claims against the GMAC directors, none of whom is a party to the Indenture. Murchison also agrees with the GMAC directors that the Indenture's "no recourse" provision would bar any such contractual claims against the GMAC directors.

- Murchison disavows fiduciary-duty claims against the GMAC directors, apparently conceding that under Delaware law, the GMAC directors did not owe fiduciary duties to Murchison and the other noteholders.

- Although Murchison clings to his claim that the GMAC directors tortiously interfered with the Indentures, he does not contest that the amended complaint fails to allege that the GMAC directors acted outside their authority as directors in approving the Exchange Offers. Nor does he rebut the GMAC directors' showing that Delaware law requires such allegations as a prerequisite to stating a viable tortious-interference claim against them. The Opposition cites only the general proposition that corporate directors are not immune from liability for the torts that they commit in their capacity as directors. But this inapposite general proposition says nothing about the specific requirements for stating a viable tortious-interference claim.

---

[1] For convenience, we use the defined terms from the GMAC directors' opening memorandum (cited as "Mem."). We refer to Murchison's Opposition Memorandum as the "Opposition" and cite it as "Opp."

## ARGUMENT

### I. Murchison's Failure To Establish The Court's Personal Jurisdiction Over The GMAC Directors Mandates Dismissal.

This Court has repeatedly held that "[o]nce a party challenges the exercise of [personal] jurisdiction by filing a motion to dismiss, [the plaintiff] bears the burden of establishing that the court properly may exercise jurisdiction over the moving party." *C.R. Bard Inc. v. Guidant Corp.*, 997 F. Supp. 556, 559 (D. Del. 1998) (dismissing for failure to establish personal jurisdiction); *see also Virgin Wireless, Inc. v. Virgin Enters. Ltd.*, 201 F. Supp. 2d 294, 298 (D. Del. 2002) (Robinson) ("When a non-resident defendant challenges personal jurisdiction, the burden is on the plaintiff to show that the defendant . . . purposefully availed itself of the privilege of conducting activities within the forum state.") (internal quotation marks and brackets omitted). To avoid dismissal, the plaintiff "must come forward with facts to establish by a preponderance of the evidence that the court can exercise personal jurisdiction over the defendant." *Virgin Wireless,* 201 F. Supp. 2d at 298. As this Court recently explained, this requires a plaintiff to come forward "with actual proof"—such as "sworn affidavits or other competent evidence"—"not mere allegations." *Parker v. Learn The Skills Corp.*, 530 F. Supp. 2d 661, 670 (D. Del. 2008) (Robinson) (dismissing complaint for failure to establish personal jurisdiction).

Here, the GMAC directors demonstrated in their motion to dismiss that there is no personal jurisdiction over them because (i) none of the GMAC directors resides in Delaware and (ii) Delaware's long-arm statutes do not provide this Court with a basis for jurisdiction over them. (*See* Mem. at 10–13.) The Opposition fails to address this showing. The amended complaint must therefore be dismissed against the GMAC directors for lack of personal jurisdiction. *See e.g.*, *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66–67

2

(3d Cir. 1984) (affirming dismissal where plaintiff failed to establish personal jurisdiction); *Virgin Wireless,* 201 F. Supp. 2d at 298–99 (granting motion to dismiss where plaintiff failed to submit factual evidence establishing personal jurisdiction).

## II. The Amended Complaint Fails To State A Claim Against The GMAC Directors.

Murchison's claims against the GMAC directors should also be dismissed on the merits because the amended complaint fails to state a claim against them. Murchison concedes, as he must, that the amended complaint does not state a breach-of-contract claim against the GMAC directors. (*See* Opp. at 34 ("Plaintiff's claim against the Board Defendants is not a contract claim or for breach of the Smart Notes Indenture.").)[2] He also concedes that the amended complaint does not plead a fiduciary-breach claim against the GMAC directors. (*See id.* at 6 ("[The GMAC Directors'] lack of fiduciary duties to the Smart Notes holders . . . ha[s] no bearing on [Murchison's] claim against them.").

Rather, Murchison asserts that he has a viable tort claim against the GMAC directors. (Opp. at 33.) But the only tort even suggested in the Amended Complaint or the Opposition is that "the Exchange Offers tortiously interfered with the Indenture." (*See* Am. Compl. ¶ 109; *see also* Opp. at 33.) As demonstrated in the GMAC directors' opening memorandum (*see* Mem. at 7–8), the amended complaint cannot support a tortious-interference claim against the GMAC directors because (i) a company's directors can "'only be liable for tortious interference with their own company's contract if they exceeded the scope of their authority'" (s*ee* Mem. at 7 (quoting *Wallace v. Wood*, 752 A.2d 1175, 1182 (Del. Ch. 1999)), and (ii) the amended complaint lacks any such allegations. The Opposition fails to challenge this argument.

---

[2] Murchison must make this concession, because he agrees that the Indenture's "no recourse" provision "appl[ies] to contract claims against the directors" (*id.* at 34), and thus bars Murchison from asserting any potential Indenture-breach claim against the GMAC directors (*see* Mem. at 6–9).

3

Rather, Murchison relies exclusively on the general proposition that corporate directors are not immune from liability for torts they commit while acting in their official capacity as board members. (Opp. at 33.) That proposition, which addresses torts generally, says nothing about the specific requirements for a claim that directors tortiously interfered with their own company's contract. In fact, Murchison's own authority (*see id.*) recognizes the well-established rule that directors are "entitled to a privilege of immunity" for such claims if they "acted within the scope of [their] corporate authority." *See* 3A WILLIAM M. FLETCHER ET AL., FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 1158.10 (perm. ed., rev. vol. 2002) (cited in Opp. at 33).

That rule makes sense for two reasons. First, it is consistent with the "well established principle[] of Delaware law [that] a party to a contract cannot tortiously interfere with that very same contract." *Young v. W. Coast Indus. Relations Assoc.*, 763 F. Supp. 64, 76 (D. Del. 1991); *see also Shearin v. The E.F. Hutton Group, Inc.*, 652 A.2d 578, 590 (Del. Ch. 1994) ("It is rudimentary that a party to a contract cannot be liable both for breach of that contract and inducing that breach."). As the *Young* court explained, "there is no legal 'wrong' in exercising the indisputable legal *power* to fail or refuse to perform a contract, as that act simply converts the promisee's rights from a right to performance to a right to collect damages." 763 F. Supp. at 77 (emphasis in original) (citing *Phila. Storage Battery Co. v. Radio Corp.*, 194 A. 414, 429 (Del. Ch. 1937)). It thus follows "that it is also not 'wrong' for a [director or officer] to attempt to protect the interest of the corporation by counseling the breach of a contract with a third party which he reasonably believes to be harmful to his employer's best interest." 763 F. Supp. at 77 (internal quotation marks omitted); *see also Wallace*, 752 A.2d at 1182 ("Employees acting within the scope of their employment are identified with the [employer] [it]self so that they may

4

ordinarily advise the [employer] to breach [the employer's] own contract without themselves incurring liability in tort."). "'This rationale is particularly compelling when applied to corporate officers as their freedom of action directed toward corporate purposes should not be curtailed by fear of personal liability.'" *Wallace*, 752 A.2d at 1182–83 (quoting *Young*, 763 F. Supp. at 77).

Second, the rule is necessary to permit corporate directors' proper exercise of their business judgment. Delaware law recognizes that "[b]reaches of contract can be economically efficient and are part of the function of the marketplace." *Int'l Assoc. of Heat & Frost Insulators and Asbestos Workers Local Union 42 v. Absolute Entl. Serv., Inc.*, 814 F. Supp. 392, 400–01 (D. Del. 1993) (noting that Delaware has adopted the "economic efficiency view of contract law that a party to a contract has the option of either honoring the contract or breaching it and paying money damages"). Thus, "officers and directors of a corporation must be free to breach contracts without exposing themselves to personal liability, when, in their business judgment, such contracts are not economically beneficial to the corporation." *Id.* at 401. If this were not the rule, then whenever directors determined in their business judgment that it made economic sense for a corporation to exercise its option to breach a contract and instead pay money damages, they could face tort liability merely for satisfying their fiduciary obligations.

The two cases Murchison cites are unavailing. Both cases concern environmental liability and do not address the prerequisites for stating viable tortious-interference claims. *T.V. Spano Building Corp. v. Department of Natural Resources & Environmental Control*, 628 A.2d 53 (Del. 1993), involves liability under Delaware's Hazardous Waste Management Act, which expressly extends liability to "responsible part[ies]." *Id.* at 60. There, the Delaware Supreme Court interpreted the term "responsible party" to include corporate officers and thus permitted personal liability against officers "for actually making corporate decisions resulting in the

5

improper disposition of waste under the Act." *Id.* at 61. *Bano v. Union Carbide Corp.*, 273 F.3d 120 (2d Cir. 2001) involved traditional common-law tort claims—such as negligence[3]—and merely held that a corporate officer could be liable to third parties for environmental damages caused by torts that he committed while performing his duties as a corporate officer. *Id.* at 133 (New York law). While it is not a legal "wrong" for a company to breach its own contract (*see supra* at 4 (citing *Young*, 763 F. Supp. at 77)), it is a legal "wrong" for a company to dump hazardous materials into the environment. Further, in Murchison's environmental tort cases, the corporate officers were joint tortfeasors with the company—*i.e.*, they each committed their own legal "wrong" that subjected them to tort liability. This is different from Murchison's attempt to graft a tort claim against the GMAC directors onto his breach-of-contract claim against GMAC.

## CONCLUSION

As demonstrated here, and in the GMAC directors' opening memorandum, Murchison fails to establish any basis for the Court to exercise personal jurisdiction over the GMAC directors. This alone requires dismissal. The amended complaint also fails on the merits. First, it fails to state a claim against all defendants for the reasons given in GMAC's reply memorandum. Second, it independently fails to state a claim against the GMAC directors. The lone claim against the GMAC directors that Murchison has not abandoned—tortious interference with the Indenture—fails, because as Murchison does not contest, the amended complaint contains no allegations that the GMAC directors acted outside the scope of their authority as directors.

As demonstrated in the GMAC directors' opening memorandum, Murchison has already amended his complaint once without curing his pleading's deficiencies, and any further

---

[3] *See Bano v. Union Carbide Corp.*, 2000 U.S. Dist. LEXIS 12326, at *14–15 (S.D.N.Y. Aug. 28, 2000).

amendments would be futile. Thus, the Court should dismiss with prejudice the amended complaint in its entirety as to the GMAC directors.

                                    MORRIS, NICHOLS, ARSHT & TUNNEL, LLP

                                    */s/ Kenneth J. Nachbar*
                                    Kenneth J. Nachbar (#2067)
                                    knachbar@mnat.com
                                    1201 North Market Street, 18th Floor
                                    P.O. Box 1347
                                    Wilmington, DE 19899
                                    (350) 658-9200
                                       *Attorneys for Defendants T.K. Duggan, Douglas A. Hirsch, Robert W. Scully, Lenard B. Tesler, Mark A. Neporent, Frank W. Bruno, Seth P. Plattus, Ray G. Young, Frederick A. Henderson, Mark R. LaNeve and Walter G. Borst*

OF COUNSEL:

Jonathan Rosenberg
Abby F. Rudzin
Asher L. Rivner
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000

September 25, 2009
3138102

7