IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S. BLAKE MURCHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 09-169-SLR |
| | ) |
| GMAC LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 28th of January, 2010, having reviewed defendants' motions to dismiss the amended complaint[1] and the papers submitted in connection therewith, and having heard oral argument on same;

IT IS ORDERED that said motions (D.I. 69 and 72) are granted. Consistent with the arguments made in support of said motions, both in the papers and at the hearing, it is evident that the crux of plaintiff's amended complaint, to wit, the exchange and tender offer commenced on November 20, 2008 by defendant GMAC LLC ("the Exchange Offer") "created new, superior bonds (hereinafter 'New Notes' . . .) that subordinated" plaintiff's "Smart Notes" debt securities, is not a credible assertion. Indeed, the basis for the assertion is that, contrary to the Offering Memorandum issued

---

[1] The motions to dismiss the original complaint (D.I. 57 and 59) are denied as moot.

in connection with the Exchange Offer,[2] a "spokeswoman from GMAC admitted," in a December 1, 2008 *Bloomberg* article, that "Smart Notes investors 'would be subordinated to the new notes' that were issued in the Exchange Offer." (D.I. 75 at 1) Although GMAC has never retracted this statement,[3] neither has plaintiff pointed to any other conduct inconsistent with the written Offering Memorandum. Under these circumstances, where both the Offering Memorandum and the representations of counsel for GMAC demonstrate that the Smart Notes are **not** subordinated to the New Notes, plaintiff has already received the remedy he was seeking in the amended complaint. Therefore, the amended complaint shall be dismissed as to all defendants for failure to state a claim upon which relief can be granted.[4] In case there is any doubt, I now so hold in this connection that the Smart Notes are **not** subordinated to the New Notes.

United States District Court

---

[2](D.I. 75, ex. A at 62) ("The new guaranteed notes will be **equal in right** of payment with all existing and future unsubordinated unsecured indebtedness of GMAC") (emphasis added)

[3]Much to the court's frustration.

[4]Plaintiff has not demonstrated that personal jurisdiction is appropriately exerted over the individual defendants, an additional ground for dismissing the amended complaint.

2